Francis X. Conlon, J.
Petitioner moves for disqualification of the arbitrator designated by the respondent. The resettled judgment by which the arbitration was directed provided: “ it being understood that no arbitrator may be selected or appointed who would be disqualified under said Arbitration Buies or have any connection or association with either party or their attorneys which would disqualify a person from being a juror; ”.
Petitioner contends that a close relationship exists between the respondent’s president and its designee now engaged in the field of electronics and formerly engaged in the field of textile. It requested the American Arbitration Association to investigate the designee and claims to have been informed that the designee is a close personal friend of the respondent’s president, plays cards with him, attends parties together with him, is a member with him of the same golf club and religious congregation, and frequently collaborated with him in civic affairs and attended with him numerous town meetings and charitable affairs. It is argued that the meetings between these two men, living in the same general area in Westchester County, are coincidental and involve no friendship or mutual social relationship. At petitioner’s request, an arbitration committee of the Association heard the challenge and denied it. While a grant or denial of the challenge carries some weight, yet the court is not ousted of jurisdiction by the denial and, indeed, the court retains jurisdiction under the' judgment and may review the question of qualification, particularly, since the designee is made subject to disqualification as if he were a juror. The challenge is admitted to the extent of membership in the same golf club and religious congregation and attendance at social functions, all of which, it is urged, is coincidental and not indicative of any close social relationship. Further reference is made to the activity of respondent’s president and of its designee, each designated by the other as an arbitrator in two separate proceedings. While these occurred about eight years ago, they are not without relevance. Reference is made also to an acquaintanceship between respondent’s designee and its attorney. Respondent’s president concedes a casual acquaintance with the arbitrator. In his letter to the American Arbitration Association dated March 25, 1957, respondent’s attorney stated that respondent’s president and its designee are casual acquaintances, are members of the same religious congregation and golf club. In his affidavit, the respondent’s president does not undertake to say that he has never played *185 golf with the designee. While there have been denials which go to the extent of the relationship which is said to be casual, upon the entire record it cannot be said that the designee is qualified to act as a juror and is, therefore, not qualified as an arbitrator under the judgment.
The motion is granted. Settle order.